This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    **NO. 33,403**

**MATTHEW MALDONADO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     The State appeals from a district court order excluding witnesses. We issued a calendar notice proposing to reverse. Defendant has responded with a timely memorandum in opposition. We reverse the district court.

{2}     In this appeal, the State has challenged the district court's order excluding three State witnesses for failure to appear for pre-trial interviews. "A court has the discretion to impose sanctions for the violation of a discovery order that results in prejudice to the opposing party." *State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25. But "the mere showing of violation of a discovery order, without a showing of prejudice, is not grounds for sanctioning a party." *Id.* Once prejudice is shown, any sanction should "affect the evidence at trial and the merits of the case as little as possible." *Id.* ¶ 16 (internal quotation marks and citation omitted). "Our case law generally provides that the refusal to comply with a district court's discovery order only rises to the level of exclusion or dismissal where the [s]tate's conduct is especially culpable, such as where evidence is unilaterally withheld by the [s]tate in bad faith, or all access to the evidence is precluded by [s]tate intransigence." *Id.* ¶ 17.

{3}     Defendant argues that the State's intransigence satisfied the *Harper* standard. We disagree. Specifically, Defendant has been charged with careless driving and driving on a suspended license. [RP 1] The district court scheduling order required witness interviews to be completed by October 15, 2013. [RP 37] Four officers did not appear at the October 9, 2013 interviews, and the district court excluded three of them—one of whom was the officer who filed the criminal complaint. [RP 5, 63-64]

There was no showing below that the State acted in bad faith, or was otherwise "especially culpable," as contemplated by *Harper*. *Id.* ¶ 17. To the contrary, the State explained that it learned that two of the officers no longer worked for the Isleta police, and another claimed she never received notice. [RP 56] To the extent that Defendant characterizes the State's conduct as "intransigence," it does not rise to the level contemplated by *Harper*, which requires "all access to the evidence" to be precluded by the intransigence. *Id.* ¶ 17. In addition, we believe that it was speculative to find that Defendant would suffer prejudice from the delay. [DS 4-5] *See id.* ¶ 16 ("Prejudice must be more than speculative; the party claiming prejudice must prove prejudice—it is not enough to simply assert prejudice."). Finally, it appears that Defendant knew the basic facts relating to the incident, and would not be blind-sided by the late discovery of the information provided by the officers. *See id.* ¶ 20 (indicating that prejudice is not clearly shown when the "defendant has knowledge of the contents of the unproduced evidence").

{4}     For the reasons set forth above, we reverse.

{5}     **IT IS SO ORDERED.**


                              _____
                              **M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**